IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

HEARBEST, INC.,

      Plaintiff,                               13cv1026
                                                  **ELECTRONICALLY FILED**
      v.

ADECCO USA, ADECCO EMPLOYMENT
SERVICES, INC.,

      Defendants.

**MEMORANDUM AND OPINION**

This is a breach of contract case. Before the Court is Defendants' Motion to Dismiss, or in the Alternative, for More Definite Statement and their Brief in Support of same. Doc. nos. 4-5. Plaintiff filed a Brief in Opposition to same (doc. no. 6), thereby making this Motion ripe for disposition. For the reasons set forth herein the Court will grant in part and deny in part Defendants' Motion to Dismiss and will deny their Alternative Motion for More Definite Statement.

**I.      FACTUAL BACKGROUND**

Solely for the purposes of deciding the pending Motion, the Court will accept as true all well pleaded facts set forth in the Complaint.

Plaintiff, a corporation which provides hearing aids, contacted Defendants, an employment staffing agency, sometime before September 21, 2011, about finding a candidate to fill the position of medical office administrator. Doc. no. 1-2, ¶¶ 1-4. Defendants had a written contract wherein Defendants agreed to, *inter alia*, conduct a National Criminal Record File check for any assigned employee ("Associate") who possessed the qualifications Plaintiff was seeking. Id., ¶¶ 5-6, 8.

1

On September 21, 2011, Defendants informed Plaintiff it had selected a suitable associate for the position of medical office administrator, namely Evalyn McKinney. Id., ¶ 7.  Defendants either failed to conduct, or failed to inform Plaintiff of the result of the criminal background check performed on McKinney. Id., ¶ 9.  Plaintiff, who was unaware of the criminal background of McKinney, hired her, and would not have done so if it had known about her past criminal record. Id., ¶¶ 10, 18.  In addition, Plaintiff claims Defendants would not have recruited, interviewed and/or selected McKinney as one of their own Associates. Id., ¶ 19.

Plaintiff lists the damages stemming from this purported breach as follows:  During the tenure of her employment with Plaintiff, McKinney stole over $16,000.00 from Plaintiff. Id., ¶ 11.  Plaintiff also claims that McKinney's poor job performance cost Plaintiff lost sales totaling over $113,000.00. Id., ¶ 12.  Plaintiff further alleges that McKinney failed to properly perform her duties necessary to recredential Plaintiff – a prerequisite to obtaining Medicare reimbursement – and as a result Plaintiff had to spend $4,076.00 to hire an expert so as to allow Plaintiff to resume billing Medicare for its services. Id., ¶ 13.  Additionally, Plaintiff claims it had to establish a line-of-credit in the amount of $50,000.00 because of McKinney's theft, and it had to spend over $6,000.00 on an outside accountant to investigate the theft and then reconcile Plaintiff's accounts. Id., ¶¶ 14-15.  Upon discovering the theft, Plaintiff's President had to cancel travel to a conference thereby losing $1,134.80 previously paid for her attendance at the conference.  Finally, Plaintiff incurred wages and fees in employing McKinney in the amount of $13,947.30. Id., ¶ 17.

Defendants timely filed their Motion requesting the case be dismissed under Fed.R.Civ.P. 12(b)(6) for failure to state a claim, or in the alternative for a more definite statement under Fed.R.Civ.P. 12(e).

## II.     STANDARD OF REVIEW

### A.     Rule 12(b)(6)

In considering a Rule 12(b)(6) motion, Federal Courts require notice pleading, as opposed to the heightened standard of fact pleading. Fed. R. Civ. P. 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds on which it rests.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Building upon the landmark United States Supreme Court decisions in *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the United States Court of Appeals for the Third Circuit explained that a District Court must undertake the following three steps to determine the sufficiency of a complaint:

> First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013) (citation omitted).

The third step of the sequential evaluation requires this Court to consider the specific nature of the claims presented and to determine whether the facts pled to substantiate the claims are sufficient to show a "plausible claim for relief." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013). "While legal conclusions can provide the framework of a Complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 664.

This Court may not dismiss a Complaint merely because it appears unlikely or improbable that Plaintiff can prove the facts alleged or will ultimately prevail on the merits. *Twombly*, 550 U.S. at 563 n.8. Instead, this Court must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. *Id.* at 556. Generally speaking, a Complaint that provides adequate facts to establish "how, when, and where" will survive a Motion to Dismiss. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 212 (3d Cir. 2009).

In short, a Motion to Dismiss should not be granted if a party alleges facts, which could, if established at trial, entitle him/her to relief. *Twombly*, 550 U.S. at 563 n.8.

### B. Rule 12(e)

A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

## III. Discussion

### A. Motion to Dismiss – Fed.R.Civ.P. 12(b)(6)

As a general matter, this Court, when ruling on a Motion to Dismiss, may not consider matters extraneous to the pleadings. *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1426 (3d Cir. 1997). However, an exception to the general rule is that a "document integral to or explicitly relied upon in the complaint" may be considered "without converting the motion [to dismiss] into one for summary judgment." *Id.*

4

In addition, on a Motion to Dismiss, district courts consider the Complaint, its exhibits, matters of public record, and documents that form the basis of a claim. *See Lum v. Bank of Am.*, 361 F.3d 217, 221 n.3 (3d Cir. 2004). Documents form the basis of a claim if they include those that are integral to or explicitly relied on in the Complaint. *Burlington*, 114 F.3d at 1426. Documents are integral when the plaintiff's claims are based on the document. *See In re Donald J. Trump Casino Sec. Litig.*, 7 F.3d 357, 368 n.9 (3d Cir. 1993).

Accordingly, upon deciding this Motion to Dismiss, this Court has considered the "Exemplar Contract" attached to Plaintiff's Complaint because it is integral to the Complaint, and forms the basis for the Complaint.

Next, "[u]nder Pennsylvania law, to establish a *prima facie* breach of contract claim, a plaintiff must establish the following: '(1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract, and (3) resultant damages.'" *Lejeck v. MBH Solutions, Inc.,* 2007 WL 2743677, *5 (W.D. Pa., Sept. 18, 2007), citing, *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 225 (3d Cir. 2003).

Plaintiff's Complaint avers that according to "the contract" at issue – this Court is unsure if the "Exemplar Contract" attached to Plaintiff's complaint is the actual contract at issue – Defendants were to conduct a National Criminal Record check of McKinney. Doc. no. 1-2. Plaintiff's Complaint alleges that Defendants breached this portion of "the contract," and in so doing, caused Plaintiff to hire McKinney which ultimately led to Plaintiff's monetary damages. Id.

Defendants claim that pursuant to a separate section of the Exemplar Contract, Plaintiff agreed to "bear the risks of allowing" people, such as McKinney, "to handle cash (including electronic transactions), checks, . . . credit cards, [etc.]" and to "hold [Defendants] harmless from

these risks." Doc. nos. 5 and 1-2, Ex. A. Defendant also suggests that certain damage claims are barred by the parties' agreement.

The Court finds that Plaintiff's Complaint adequately pleads sufficient facts, which, when taken as true, could support a cause of action for breach of contract, assuming the Exemplar Contract is, in fact, the contract at issue in this case. The matter of the "true contract at issue" will be addressed below. For this reason the Court will decline to dismiss the Complaint in its entirety.

However, as Defendants' note in their Brief in support of their Motion to Dismiss, Plaintiff's Complaint requests punitive damages. In a breach of contract case such as the one presently before the Court, punitive damages are not permissible based solely on a breach of the contract. *McShea v. City of Phila.*, 995 A.2d 334, 340 n.5 (Pa. 2010) ("Punitive damages are awarded in tort actions, not for breach of contract.").

Even considering the "Exemplar Contract's" language there is no basis upon which to award punitive damages, and thus, the Court will grant Defendants' Motion to Dismiss Plaintiff's request for punitive damages.

### B. Motion for a More Definite Statement – Fed.R.Civ.P. 12(e)

Although Defendants' Memorandum in Support of their Motion to Dismiss does not expressly state what is too vague or too ambiguous in the Complaint, Defendants do contend that Plaintiff's Complaint failed to allege the nature of the crime McKinney committed and was convicted of, prior to her being hired by Plaintiff. In light of the fact that Defendants knew or should have known about the nature of this crime, given the background check they purportedly performed, the allegations in the Complaint are sufficient and certainly do not rise to the level of being "so vague or ambiguous" that Defendants cannot reasonably prepare a Response.

To the extent that Defendants are contending that an "exemplar contract" attached to the Complaint lacks sufficiency, the Court notes that Plaintiff's Complaint makes it clear that the employee in question is McKinney.  Because Plaintiff contracted with Defendants for each employee hired through or from Defendants, McKinney included, then Defendants are in possession of a purportedly more precise contract and are free to attach to their Answer and plead in an affirmative fashion whatever defenses Defendants believe that document provides.

Accordingly, Defendants' Motion for More Definite Statement will be denied.

**IV.   Conclusion**

Defendants' Motion to Dismiss the Plaintiff's Compliant will be granted with respect to Plaintiff's claim for punitive damages; but, it will be denied in all other respects.  The Alternative Motion for More Definite Statement will be denied.  An appropriate Order follows.

                                                            s/ Arthur J. Schwab
                                                            Arthur J. Schwab
                                                            United States District Judge

cc:     All Registered ECF Counsel